IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:20-cv-21-D

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MM SHIVAH LLC, MANOJKUMAR MONHANLAL GANDHI, MONA GANDHI, CHOICE HOTELS INTERNATIONAL, INC., MM VAIBHAVLAXMI, LLC, CI HOTELS, LLC AND WS HOTELS, LLC,<br><br>Defendants. | **CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER** |

The Parties to the above-captioned action (each a "Party" and collectively, "Parties") acknowledge and agree that during the course of discovery and the trial of this matter, it may be necessary to produce or disclose certain documents, materials, information, and/or testimony that may comprise *inter alia* confidential, proprietary, sensitive corporate, trade secret, or similar information (collectively, "Confidential Information"), and that such Confidential Information should be treated as confidential, protected from disclosure outside this litigation, and used only for the purposes of prosecuting or defending this action and any appeals. Accordingly, the Parties consent to the entry of a Confidentiality and Protective Order to limit the disclosure, dissemination, and use of Confidentiality Information.

For good cause shown, pursuant to Fed. R. Civ. P. 26(c), the Court **GRANTS** the Motion for Confidentiality and Protective Order and **ORDERS** that the following Consent Confidentiality and Protective Order ("Protective Order") shall govern the production and/or

disclosure of Confidentiality Information to ensure the continued confidentiality thereof.

## PURPOSE AND LIMITATIONS

This action may involve production and disclosure of disclose certain documents, materials, information, and/or testimony that may comprise *inter alia* confidential, proprietary, sensitive corporate, trade secret, or similar information, including, by way of illustration but not limitation: electronically stored information ("ESI"), sensitive corporate and/or commercial documents, financial information, and/or other proprietary information for which protection from public disclosure and use for any purpose other than prosecuting and/or defending this litigation may be warranted. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protection pursuant to Fed. R. Civ. P. 26. Nothing in this Protective Order shall preclude any person or entity from disclosing or using, any information or document if: (a) that information or document is lawfully obtained without confidentiality restrictions from a third-party or (b) that information or document belongs to, or is the property of, the Party intending to disclose or use that information or document outside of this litigation (though such use for purposes outside of this litigation may cause such information or document to lose its protected or confidential status).

## TERMS

1. This Protective Order shall govern the production or disclosure of any document or information designated as "Confidential Information" and produced by a Party or its agent ("Producing Party") to another Party ("Receiving Party") during the course of discovery, pretrial proceedings, or trial in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents, and other

discovery materials, whether produced informally, as part of settlement or mediation discussions and/or negotiations, or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery. In addition, the Parties agree and acknowledge that Confidential Information may be produced by non-parties and designated as "Confidential Information" by any Party or non-party in accordance with the terms of this Protective Order.

2. Any Party may designate any non-public document, material, or information as "CONFIDENTIAL." Information shall not be designated as CONFIDENTIAL if the content or substance thereof (a) is, at the time of disclosure, generally available to the public in print or other tangible form through no act or failure to act on the part of the Receiving Party, or (b) becomes, at any time, through no act or failure to act on the part of the Receiving Party, generally available to the public in print or other tangible form. The Parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

3. Confidential Information produced in documentary form shall be designated CONFIDENTIAL by stamping "CONFIDENTIAL" on each page of the document that contains protected material, in a manner that will not interfere with the document's legibility. If only a portion or portions of the material on a page qualifies for protection, the protected portion(s) must be clearly identified (e.g., by making appropriate markings in the margins, but not over text). If the documents being produced are in electronic format, the designation should be in the form of a large watermark that is placed diagonally across the document and the document should be rendered non-editable.

3

4. Any Party may designate any portion or all of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within thirty (30) days of the receipt of the official (final form) transcript. The Parties shall automatically treat all information disclosed at a deposition as CONFIDENTIAL from the time of the deposition to thirty (30) days after receipt of the official transcript, unless counsel for the parties and the deponent expressly agree otherwise.

5. Any Party may designate the trial testimony of any corporate or company officer, representative, agent, and/or associate that includes sensitive corporate information or trade secrets as Confidential Information subject to the Protective Order, and further permitting the Party the authority to seal the trial transcript to bar dissemination of such trial testimony, but that the Party must exercise this power within 30 days of the jury verdict or bench order or its right to seal the trial transcript is waived.

6. For information produced in some form other than documentary form, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "CONFIDENTIAL" portions.

7. All Confidential Information as defined herein shall be used solely for the purpose of this action and shall not be used for any other purpose. Confidential Information that has been designated CONFIDENTIAL shall be disclosed only to:

Case 5:20-cv-00021-D   Document 48   Filed 12/18/20   Page 4 of 13

A. The attorneys of record in this action and their employees or contractors who are assisting them in this action, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

B. Experts who have been retained by the Party or its attorneys for this action, provided that each independent expert first executes an "Acknowledgement" attached as Exhibit A;

C. The parties (including officers, directors, in-house attorneys, or employees, student members, or advisors of the Parties) who require the information to assist in or evaluate this action, provided that they are advised of and bound by the provisions of this Protective Order;

D. The Court and persons associated with or employed by the Court whose duties require access to the information;

E. The author of the document designated as Confidential Information and any person identified as a recipient of the document on its face, or any person who actually received it;

F. Any witness or deponent during the course of his, her, or its deposition or examination in the action, provided that each such witness or deponent first executes an "Acknowledgement" attached as Exhibit A;

G. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

H. Litigation support services, including outside copying services and companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in this action, for whom a company representative has signed the "Acknowledgement" attached as Exhibit A; and

I. Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties, and the mediator or arbitrator's secretarial and clerical personnel.

8. The parties agree to designate Confidential Information in good faith. If any Party objects to the designation of any information or document as Confidential Information (the "Challenged Materials"), the Party shall so state the objection by letter or statement on the record ("Notice") to counsel for the person making the designation. Any such Notice shall identify with specificity the Challenged Material to which the objection is directed. The objecting Party is not required to immediately object to a confidentiality designation, and failure to immediately object does not waive the right to object to a designation in the future. Within ten (10) business days of providing Notice, the Party that elects to initiate a challenge to a confidentiality designation must confer directly with counsel for the Designating Party (and counsel for the Designating Party must make themselves reasonably available for this conference during this time frame). In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party at least five (5) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the status of the Challenged

6

Case 5:20-cv-00021-D   Document 48   Filed 12/18/20   Page 6 of 13

Materials cannot be resolved within twenty (20) business days after the time Notice is provided, the objecting Party may file an appropriate motion requesting that the Court rule that the Challenged Materials should not be subject to the protection invoked. Although the Designating Party shall have the burden of proving the appropriateness of the designation, the Challenged Materials will be treated in accordance with the challenged designation pending the Court's ruling on such motion.

9. Where only a part of the document, information, material, or transcript furnished or produced by a Party is designated as Confidential Information, counsel for each Receiving Party shall redact Confidential Information before disclosing such Confidential Information or transcript to any person other than qualified persons as designated in Paragraph 7. Redactions from any document, information, material, or transcript in accordance with the terms of this Protective Order shall not affect the admissibility of any such information, material, or transcript as evidence in this action.

10. If any Confidential Information is discussed or quoted at any deposition, all persons other than qualified persons as designated in Paragraph 7 shall first execute an "Acknowledgement" attached as Exhibit A or shall be excluded from such portion of the deposition.

11. Any court filings containing Confidential Information must be filed with the Court according to the Court's procedures for filing documents electronically under seal, including Sections T, V.G, and V.I.4 of the Court's Electronic Case Filing Administrative Policies and Procedures Manual and LCvR 79.2:

    A. Each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a

supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

    (i)    The exact document or item, or portions thereof, for which the filing under seal is requested;

    (ii)    How such request to seal overcomes the common law or the First Amendment presumption to access;

    (iii)    The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

    (iv)    The reasons why alternatives to sealing are inadequate; and

    (v)    Whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

12.    If a third party or non-party witness provides deposition testimony or documents in this litigation, such third party or non-party witness may designate such information as Confidential Information in the same manner as if the third party or non-party witness were a party to this action and this Order. In addition, any Party may likewise choose to designate any deposition testimony or documents provided by a third party or non-party witness as Confidential Information if the testimony or documents qualify as CONFIDENTIAL under the terms of this Protective Order. All Parties will treat such information or documents as

8

Case 5:20-cv-00021-D   Document 48   Filed 12/18/20   Page 8 of 13

Confidential Information pursuant to the terms of this Protective Order.

13. Notwithstanding anything herein to the contrary, if a Producing Party discovers that Confidential Information has been inadvertently produced without being marked with the appropriate designation, the Producing Party may notify the Receiving Parties and require the Receiving Parties to retrieve and return any unmarked or incorrectly marked Confidential Information, and to substitute therefore appropriately marked Confidential Information, provided that the Producing Party notifies the Receiving Parties promptly after learning of such inadvertent failure. Upon receipt of such notification from the Producing Party, the Receiving Parties shall not thereafter disclose any such Confidential Information to any persons who are not qualified persons as designated in Paragraph 7. However, the Receiving Parties shall have no liability with respect to any prior disclosure or use of such Confidential Information done prior to receiving notice of an inadvertent disclosure and provided that such use is otherwise consistent with the terms of this Protective Order.

14. In the event of an inadvertent disclosure of Confidential Information by a Receiving Party, the Receiving Party shall upon learning of the disclosure:

- A. Immediately notify the person or persons to whom the disclosure was made that it contains Confidential Information subject to this Protective Order;

- B. Immediately make all reasonable efforts to recover the information as well as preclude further dissemination or use by the person or persons to whom disclosure was inadvertently made, including by requesting such person or persons to execute the "Acknowledgment" that is attached as Exhibit A; and

C. Within five (5) days upon learning of the disclosure, notify the Producing Party of the identity of the person or persons to whom disclosure was inadvertently made, the circumstances surrounding disclosure, the steps taken to recover the information, and the steps taken to insure against the dissemination or use of the information.

15. If data or information have been extracted from a document which is subsequently designated as Confidential Information pursuant to Paragraph 12 above, to the extent possible and where necessary, the extracted information and/or data will be expunged promptly and not used. However, to the extent that, prior to being notified of the inadvertent mis-designation of documents or Confidential Information, a Receiving Party uses in good faith such information and/or data in documents filed with the Court or at depositions, the Receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter, any such documents filed with the Court.

16. If a Producing Party inadvertently discloses to the Receiving Parties documents or information that are/is privileged or otherwise immune from discovery, said Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Parties in writing and request that the documents or items containing the information be returned or destroyed, and no Party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The Receiving Party will immediately return the documents, information, or items containing the requested information (including any copies thereof as well as any notes or other materials reflecting the content of any such document or item) and refrain from any use of such document or information. The Receiving Parties having returned such inadvertently produced item or items of information may, however, without asserting waiver because of inadvertent production, seek

10

production of any such documents or information in accordance with the Federal and Local Rules of Civil Procedure.

17. This Protective Order pertains only to Confidential Information provided by the Party or third-party producing it and does not limit the use or disclosure of materials which have been obtained by any Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

18. The Parties agree that the terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of this action. Within ninety (90) days of the final conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the Producing Party all Confidential Information; except that undersigned counsel may retain one archival copy of court filings and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Confidential Information which materials will otherwise remain subject to this Protective Order. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. In addition, and subject to any further orders of the Court, the Court shall have and retain jurisdiction over the Parties, the non-parties who have signed an Acknowledgement, their respective attorneys, and all persons to whom the Protective Order has been disclosed for the purpose of enforcing the terms of this Protective Order or redressing any violation thereof.

19. Nothing in this Protective Order shall prevent any Party from disclosing its own information that it has designated as Confidential Information, as it deems appropriate, and any such disclosure shall not be deemed a waiver of any Party's obligations under this Protective Order except as provided by law. This paragraph shall not be construed to extinguish or modify any prior stipulation or order.

20. Nothing herein shall prevent any Party, on notice to the other Parties, from applying to the Court for a modification of this Protective Order, nor do the Parties waive any right to seek relief from the Court from any provision of this Protective Order at any time, by order, stipulation, or written agreement.

21. Entering into this Protective Order, producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of a Producing Party to object to the production of information on any other grounds, including but not limited to, grounds of irrelevance, disproportionality, or privilege.

22. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

23. Disclosure of a document or its production for inspection in this action shall not constitute an admission of its authenticity or of its admissibility in this action.

24. Each of the Parties named above and their counsel of record undertakes to abide by and be bound by these provisions and to use due care to see that these provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information.

**SO ORDERED**, this the 18 day of December, 2020.

Robert B. Jones, Jr.
United States Magistrate Judge