IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-CV-21-D

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MM SHIVAH, LLC,<br>MANOJKUMAR MONHANLAL GANDHI,<br>MONA GANDHI,<br>CHOICE HOTELS INTERNATIONAL, INC.,<br>MM VAIBHAVLAXMI, LLC,<br>CI HOTELS LLC, and<br>WS HOTELS LLC,<br><br>    Defendants. | **MEMORANDUM OF LAW<br>IN SUPPORT OF<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT** |

COMES NOW Plaintiff, OWNERS INSURANCE COMPANY ("Owners"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 56 and LCvR 7.2 and 56.1., and hereby filed this Memorandum of Law in support of its Motion for Summary Judgment on all claims.

## NATURE OF THE CASE

This insurance coverage action arises out of a civil action in Durham County, North Carolina Civil Superior Court, captioned *Tammy Lowrey v. Choice Hotels International, Inc., Manojkumar (aka "Manoj") Mohanlal Gandhi, Mona Gandhi, MM Shivah, LLC, MM Vaibhavlaxmi, LLC, CI Hotels LLC and WS Hotels LLC*, bearing file number 19-CVS-003400 ("Underlying Action"). Plaintiff filed this action to disclaim its duty to defend and indemnify all Defendants, based upon the Underling Action plaintiff's various averments and causes of action, including Wrongful Discharge from Employment in Violation of North Carolina Public Policy; Intentional Infliction of Emotional Distress; Battery; and Liability of Franchisor.

## FACTUAL BACKGROUND

In the Underlying Action, the plaintiff, Tammy Barefoot Lowrey ("Lowrey"), alleges *inter alia* that Defendant Manojkumar Mohanlal Gandhi ("Manoj") pursued a pattern of unwanted sexual advances toward her, while she was employed at a Comfort Inn in Garner, North Carolina – *i.e.*, MM Shivah LLC ("Shivah") – which is insured by Owners. (DE 1, ¶ 57; *see generally* DE 1-1) Lowrey further alleges she was terminated by Mona Gandhi ("Mona") as a result of her disclosure of the unwanted advances. (DE 1, ¶ 83) Lowrey seeks damages through the Underlying Action and Shivah, Manoj, and Mona – and other entities, MM Vaibhavlaxmi LLC ("Vaibhavlaxmi"); CI Hotels LLC ("CI Hotels"); and WS Hotels LLC ("WS Hotels").

Shivah is the named insured in four relevant policies of insurance. (*See* DE 1-3, 1-4, 1-5, and 1-6). Owners is presently defending its named insured and the other individuals and entities named herein under these policies of insurance, including Defendant Choice Hotels International, Inc. ("Choice Hotels"), pursuant to respective Reservations of Rights. However, based upon the language of the applicable policies of insurance, Owners has filed the instant action to disclaim any contractual obligations to provide indemnity and defense, including under each of the coverage parts.[1]

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

---

[1] The applicable policies standard of insurance includes a Commercial General Liability Coverage form, which includes three (3) relevant coverages, Coverage A. Bodily Injury and Property Damage Liability; Coverage B. Personal Injury and Advertising Injury Liability; and Coverage C. Medical Payments. To be clear, Owners disclaims all coverages for all defendants.

# STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the support for its assertions that a fact cannot be genuinely supported by citing to the record, including documents, affidavits, admissions, interrogatory answers, or other materials. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing prior version of Fed. R. Civ. P. 56); *see also* Fed. R. Civ. P. 56(c)(1)(A)). "Where the record, taken as a whole, fails to provide a genuine issue of material fact, the court must grant summary judgment." *Hogan v. Beaumont*, 779 Fed. Appx. 164, 166 (4th Cir. 2019) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Material facts are those which, "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### A. DUTY TO DEFEND AND INDEMNIFY.

In North Carolina, an insurer's "duty to defend the insured is broader than the obligation to pay damages incurred by events covered by a particular policy." *Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 691 (1986). To determine whether a duty to defend exists, North Carolina applies the "comparison test" – *i.e.*, the complaint and policy are read side-by side to determine whether the events **as alleged** are covered or excluded. *Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 364 N.C. 1, 6 (2010) (emphasis added). In performing the comparison test, the facts alleged in the complaint are taken as true. *Id.* at 7. Courts look only at the language of the insurance policy and allegations of the complaint. *Id.* at 6. The duty to defend exists unless the allegations in the complaint "are not

even arguably covered by the policy." *Kubit v. MAG Mut. Ins. Co.*, 210 N.C. App. 273, 278, 708 S.E.2d 138, 144 (2011). "[H]owever, even a meritorious allegation cannot obligation an insurer to defend if the alleged injury is not within, or is excluded from, the coverage provided by the insurance policy." *N.C. Farm Bureau Mut. Ins. Co. v. Phillips*, 255 N.C. App. 758, 763, 805 S.E. 2d 362, 365 (2017), *disc rev. denied*, 370 N.C. 580 (2018). Because the duty to defend is broader than the duty to indemnify, "if [the duty to defend] fails, so too does the duty to indemnify." *Kubit*, 210 N.C. App. at 277-279, 708 S.E.2d at 144-145.

## ARGUMENT

**I. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT MM VAIBHAVLAXMI, LLC IS NOT ENTITLED TO INDEMNITY OR A DEFENSE.**

There is no genuine issue of material fact that MM Vaibhavlaxmi, LLC is not an insured under the applicable policies of insurance issued to Shivah and does not qualify as an additional insured, therefore, Vaibhavlaxmi is not entitled to indemnity or a defense and, therefore, Owners is entitled to summary judgment on its claim that the applicable policies of insurance are not triggered by the Underlying Action as to Vaibhavlaxmi and, therefore, Owners does not owe any defense or indemnity obligations. (*See* DE 1, ¶¶ 140 – 144)

Initially, the applicable policies of insurance were all issued to Shivah, as reflected in the Declarations of each, respective policy. (*See* DE 1-3, p. 1 ("Insured" is "MM Shivah LLC dba Comfort Inn Garner"); DE 1-4, p. 8 (same); DE 1-5, p. 8 (same); DE 1-6, p. 9 (same))  There is no genuine issue of material fact that the policies of insurance attached to the Complaint are the true and accurate applicable policies of insurance bound by Owners and issued to Shivah. (DE 1 and DE 13, ¶¶ 26, 27).  Shivah, therefore, is the Named Insured.

Under the applicable policies of insurance, when the insured a limited liability company, the company, its members, and managers are insureds, subject to specific terms set forth in the policies. (*See, e.g.,* DE 1-6, p. 124 ("Section II – Who is an Insured")). However, the applicable policies of insurance are each modified by a Commercial General Liability Plus Endorsement, which modifies the insurance provided. (*Id.*, p. 106) For limited liability companies, pursuant to the endorsement, only members (and not managers) qualify as additional insureds. (*Id.*, p. 108)

Vaibhavlaxmi admits it is not an additional insured under any applicable policy of insurance relevant to the Underlying Action plaintiff's claims. (*See* DE 13, ¶ 141 ("It is admitted that Vaihbavlaxmi is not named as an additional insured under the Shivah Policy."); *see also* Exhibit 1, Answers to Plaintiff's First Set of Requests for Admission to Defendant MM Vaibhavlaxmi, LLC, Request 2). This alone should end the inquiry and entitle Owners to summary judgment on its claims against Vaibhavlaxmi. However, Vaibhavlaxmi also admits it "is not, and has never been, a member of MM Shivah LLC." (*See* Exhibit 1, Request 3)

Accordingly, there is no genuine issue of material fact that Vaibhavlaxmi is neither a named insured, nor an additional insured, to any of the policies of insurance bound by Owners. As such, Owners is entitled to a judicial declaration that the applicable policies of insurance are not triggered by the Underlying Action as to Vaibhavlaxmi, and, therefore, Owners does not owe any defense or indemnity obligations to Vaibhavlaxmi.

## II.      THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT CI HOTELS LLC IS NOT ENTITLED TO INDEMNITY OR A DEFENSE.

There is no genuine issue of material fact that CI Hotels LLC is not an insured under the applicable policies of insurance issued to Shivah and does not qualify as an additional insured, therefore, CI Hotels is not entitled to indemnity or a defense and, therefore, Owners is entitled to summary judgment on its claim that the applicable policies of insurance are not triggered by the

Underlying Action as to CI Hotels and, therefore, Owners does not owe any defense or indemnity obligations.  (*See* DE 1, ¶¶ 135 – 138)

For the reasons applicable to Vaibhavlaxmi, CI Hotels is not the named insured under the applicable policies of insurance.  CI Hotels also does not qualify as an additional insured and admits as such. (*See* DE 13, ¶ 136 ("It is admitted that CI Hotels and WS Hotels are not named as additional insureds under the Shivah Policy."); *see also* Exhibit 2, Answers to Plaintiff's First Set of Requests for Admission to Defendants CI Hotels LLC and WS Hotels LLC, Request 9).  This alone should end the inquiry and entitle Owners to summary judgment on its claims against CI Hotels.  However, CI Hotels also admits it "is not, and has never been, a member of MM Shivah LLC."  (*See* Exhibit 2, Request 11)

Accordingly, there is no genuine issue of material fact that CI Hotels is neither a named insured, nor an additional insured, to any of the policies of insurance bound by Owners.  As such, Owners is entitled to a judicial declaration that the applicable policies of insurance are not triggered by the Underlying Action as to CI Hotels, and, therefore, Owners does not owe any defense or indemnity obligations to CI Hotels.

### III.  THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT WS HOTELS LLC IS NOT ENTITLED TO INDEMNITY OR A DEFENSE.

There is no genuine issue of material fact that WS Hotels LLC is not an insured under the applicable policies of insurance issued to Shivah and does not qualify as an additional insured, therefore, WS Hotels is not entitled to indemnity or a defense and, therefore, Owners is entitled to summary judgment on its claim that the applicable policies of insurance are not triggered by the Underlying Action as to WS Hotels and, therefore, Owners does not owe any defense or indemnity obligations.  (*See* DE 1, ¶¶ 135 – 138)

For the reasons applicable to Vaibhavlaxmi and CI Hotels, WS Hotels is not the named insured under the applicable policies of insurance. WS Hotels also does not qualify as an additional insured and admits as such. (*See* DE 13, ¶ 136 ("It is admitted that CI Hotels and WS Hotels are not named as additional insureds under the Shivah Policy."); *see also* Exhibit 2, Request 10[2]). This alone should end the inquiry and entitle Owners to summary judgment on its claims against CI Hotels. However, CI Hotels also admits it "is not, and has never been, a member of MM Shivah LLC." (*See* Exhibit 2, Request 11)

Accordingly, there is no genuine issue of material fact that CI Hotels is neither a named insured, nor an additional insured, to any of the policies of insurance bound by Owners. As such, Owners is entitled to a judicial declaration that the applicable policies of insurance are not triggered by the Underlying Action as to CI Hotels, and, therefore, Owners does not owe any defense or indemnity obligations to CI Hotels.

## IV. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT MANOJKUMAR MONHANLAL GANDHI IS NOT ENTITLED TO INDEMNITY OR A DEFENSE.

There is no genuine issue of material fact that Manojkumar Monhanlal Gandhi is not entitled to indemnity or a defense, and, therefore, Owners is entitled to summary judgment on its claim that the applicable policies of insurance exclude coverage for the Underlying Action as to Manoj, and, therefore, Owners does not owe any defense or indemnity obligations. (*See, e.g.,* DE 1, ¶¶ 86-94).

For the reasons applicable to Vaibhavlaxmi, CI Hotels, and WS Hotels, Manoj is not the named insured under the applicable policies of insurance. These policies of insurance also include the Employer's Liability Exclusion, which states:

---

[2] In responding to Plaintiff's First Set of Requests for Admission to Defendants CI Hotels LLC and WS Hotels LLC, a typographical error was made in the recitation of Request 10. A true and accurate copy of the served laintiff's First Set of Requests for Admission to Defendants CI Hotels LLC and WS Hotels LLC, showing Request 10 began, "WS Hotels . . ." is attached hereto as Exhibit 3.

**1.** If you are designated in the Declarations as:

\* \* \*

  **c.** A limited liability company, you are an insured. Your **members** are also insureds, but **only with respect to the conduct of your business**.

\* \* \*

(DE 1 and 13, ¶ 88 (emphasis added)) Therefore, under the applicable policies of insurance, only the named insured limited liability company (*i.e.*, Shivah) and members are considered insureds, subject to the other terms and provisions.

  Here, the Underlying Action **does not** allege that Manoj is a member of Shivah. (*See* DE 1-1, ¶ 6 ("Principal"); ¶ 8 (Shivah "is wholly owned" by Manoj); ¶ 48 ("officers, directors, and/or managers")) The distinction between members and managers is important, and was specifically changed through endorsements to the applicable policies of insurance. North Carolina provides different, statutorily-defined meanings for members and managers of limited liability companies. *See* N.C. Gen. Stat. § 57D-1-03(20) (manager) and N.C. Gen. Stat. § 57D-1-03(21) (member); *see also* N.C. Gen. Stat. § 57D-1-03(1) (distinguishing between "manager or other company official, member" for approving actions). As such, Owners is entitled to a judicial declaration that the applicable policies of insurance are not triggered by the Underlying Action as to Manoj, as there is no allegation he is being sued in the Underlying Action as a member with respect to the conduct of Shivah's business, and, therefore, Owners does not owe any defense or indemnity obligations to Manoj.

  Even assuming, *arguendo*, that Manoj is a "member" and therefore, hypothetically, an insured, any such coverage is limited to the conduct of Shivah's business, which is the operation of a motel. (*See* DE 1-6, p. 9 ("Business Description: Motel"); *see also* DE 1-1, ¶ 8 (Lowrey

alleging certain defendants "operate and run a hotel which rents rooms and other spaces to the public at large.")) Manoj's alleged sexual harassment, sexual assault, and battery are not Shivah's business, which is undisputed. (*See* Exhibit 4, Answers to Plaintiff's First Set of Requests for Admission to Defendant MM Shivah LLC, Requests 20-22) Moreover, when addressing an employee's conduct (rather than a purported member's), North Carolina courts have found that there was no duty to defend because it was not within the scope of employment. *See, e.g., Medlin v. Bass*, 327 N.C. 587 (1990) (not involving insurance coverage; finding principal not within scope of employment when sexual assaulted a student); *Durham City Bd. Of Educ. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 109 N.C. App. 152, disc. review denied, 333 N.C. 790 (1993) (finding carrier had no duty to defend school employee for sexual assault of student because he was not within the scope of employment). Accordingly, sexual assault, sexual harassment, and battery would not be within a limited liability company's business.

As each of Lowrey's claims are premised upon the injuries she sustained as a result of Manoj's alleged sexual assault, sexual harassment, and battery, and Shivah is not in the business of these activities, therefore, Manoj is not entitled to coverage. (DE 1, ¶ 54)

### A. ASSUMING, *ARGUENDO*, MANOJ QUALIFIES AS AN INSURED, COVERAGE IS EXCLUDED FOR EXPECTED OR INTENDED INJURY AND KNOWING VIOLATION OF RIGHTS OF ANOTHER.

Should the court determine, as a threshold matter, that Manoj qualifies as an insured under the applicable policies of insurance, he is nevertheless excluded from coverage based upon the "Expected Or Intended Injury" exclusion and "Knowing Violation Of Rights Of Another Or Expected Or Intended Injury" exclusion. (*See* Statement of Material Facts, ¶ 7, 12; *see, e.g.*, DE 1-6, p. 116 and p. 121, respectively)

North Carolina courts have held that because sexual harassment "is substantially certain to cause injury to the person harassed, intent to injure may be inferred as a matter of law from the intent to act for the purpose of determining coverage under an insurance policy." *Russ v. Great Am. Ins. Cos.*, 121 N.C. App. 185, 189 (1995). This inference applies even if the insured testifies he did not intend injury. *Id.* Therefore, North Carolina courts, when considering similar policy language, have held that acts of sexual harassment, as a matter of a law, are not accidents and thus not bodily injuries caused by an "occurrence." *Id; see also N.C. Farm Bureau Mut. Ins. Co.*, 255 N.C. App. at 765-766 (claims of sexual molestation are not included in the definition of a "bodily injury").

In the Underlying Action, Lowrey alleges "unwanted running and touching" by Manoj, including of her breast with his elbow or hand (DE 1-1 at ¶ 17; *see also id.* at ¶ 24.), touching of her buttocks (*id.* at 19.), grabbing or rubbing of her neck (*id.*; *see also id.* at ¶ 24), inserting a finger into her vagina (*id.* at ¶ 27); "sexual assault", and "battery". As a result of the foregoing conduct the Lowrey alleges "severe mental and emotional distress", "depression and anxiety", "permanent injury", "medical expenses", "loss of enjoyment of life", and "a physical violation of her body." (*See generally, id.*) Lowrey also alleged mental and emotional distress, including depression and anxiety arising out of the sexual harassment by Manoj. (I*d.* at ¶¶ 33, 46) Assuming, *arguendo*, the allegations are true, Lowrey's alleged injuries qualify as bodily injuries and/or personal injuries under Coverage A. and/or Coverage B.

Lowrey's alleged "bodily injury" may fall within the coverage provided by Coverage A, subject to any exclusions or endorsements, such as the "Expected Or Intended Injury" exclusion,[3] which excludes coverage under Coverage A. for:

---

[3] The applicable policies of insurance also include the "Employment-Related Practices" exclusion and "Personal Injury and Advertising Injury" exclusion which bar coverage.

### a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Lowrey's alleged "personal injury" may fall within the coverage provided by Coverage B., subject to any exclusions or endorsements, such as the "Knowing Violation Of Rights Of Another Or Expected Or Intended Injury" exclusion,[4] which excludes coverage under Coverage B. for "personal injury":

(1) Caused by or at the direction of any insured with the knowledge that the act would violate the rights of another and would inflict "personal injury" or "advertising injury"; or

As Lowrey alleged Manoj acted intentionally, and therefore intended the injuries she sustained and knew they would violate Lowrey's rights, coverage is excluded under a variety of exclusions set forth in the applicable policies of insurance, including those set forth above. As such, Owners is entitled to a judicial declaration that coverage as to Manoj is excluded under the applicable policies of insurance, and, therefore, Owners does not owe any defense or indemnity obligations to Manoj.

## V. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT MONA GANDHI IS NOT ENTITLED TO INDEMNITY OR A DEFENSE.

There is no genuine issue of material fact that Mona Gandhi is not entitled to indemnity or a defense, and, therefore, Owners is entitled to summary judgment on its claim that the applicable policies of insurance exclude coverage for the Underlying Action as to Mona, and, therefore, Owners does not owe any defense or indemnity obligations. (*See* DE 1, ¶¶ 86-94).

For the reasons applicable to Vaibhavlaxmi, CI Hotels, WS Hotels, and Manoj, Mona is

---

[4] The applicable policies of insurance also include the "Employment-Related Practices" exclusion which bars coverage.

11

Case 5:20-cv-00021-D   Document 57   Filed 03/05/21   Page 11 of 20

not the named insured under the applicable policies of insurance. The Underlying Action **does not** allege that Mona is a member of Shivah. (*See* DE 1-1, ¶ 7 ("Principal"); ¶ 8 (Shivah "is wholly owned" by Mona); ¶ 48 ("officers, directors, and/or managers")) As Shivah is not in the business of sexual harassment, sexual assault, or battery, it cannot be in the business of facilitating these actions or aiding and abetting this business. As each of Lowrey's claims are premised upon the injuries she sustained as a result of Manoj's alleged sexual assault, sexual harassment, and battery, and Shivah is not in the business of these activities, therefore, Mona is not entitled to coverage. (DE 1, ¶ 54)

As such, Owners is entitled to a judicial declaration that the applicable policies of insurance are not triggered by the Underlying Action as to Mona, as there is no allegation she is being sued in the Underlying Action as a member with respect to the conduct of Shivah's business, and, therefore, Owners does not owe any defense or indemnity obligations to Mona.

### A. ASSUMING, *ARGUENDO*, MONA QUALIFIES AS AN INSURED, COVERAGE IS EXCLUDED FOR EMPLOYMENT-RELATED PRACTICES SUCH HARASSMENT AND TERMINATION

Should the court determine, as a threshold matter, that Mona qualifies as an insured under the applicable policies of insurance, she is nevertheless excluded from coverage based upon the Employer's Liability Exclusion. Lowrey alleges that Mona "began a pattern of retaliatory actions" against the Plaintiff (DE 1-1, ¶ 2.); that Mona met with Lowrey and discussed the alleged sexual harassment (*Id.* at ¶ 29.); that Mona "facilitated" Manoj's sexual harassment (*Id.* at ¶ 30.); that Mona aided and abetted Manoj in his misconduct (*Id.*); that she failed to report Manoj's conduct to Choice Hotels (*Id.*); and that she terminated the Plaintiff's employment (*Id.* at ¶ 38.).

The applicable policies of insurance also contain the Employment-Related Practices exclusion, which states:

> **2. Exclusions**
>
> This insurance does not apply to "personal injury" or "advertising injury":
>
> \* \* \*
>
> **n. Employment-Related Practices**
>
> **(1)** Arising out of any:
>
> \* \* \*
>
> **(c)** Employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at a person;
>
> \* \* \*
>
> This exclusion applies:
>
> **(1)** Whether the insured may be liable as an employer or in any other capacity;
>
> **(2)** Whether the offense is alleged to arise out of the employment during the course or scope of employment, outside the course or scope of employment or after termination;
>
> **(3)** Whether directly or indirectly related to a person's prospective, current or past employment; and
>
> **(4)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(*See* DE 1-5, p. 116)

The effect of this exclusion is that any "personal injury" claimed by Lowrey as a result of Mona's employment-related practice, such as termination, is not covered by the applicable policies of insurance. It further applies whether Mona (and Manoj, and Shivah) are liable as employers or in any other capacity (*i.e.*, members). As such, Owners is entitled to a judicial declaration that coverage as to Mona is excluded under the applicable policies of insurance, and, therefore, Owners does not owe any defense or indemnity obligations to Mona.

## VI. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT MM SHIVAH LLC IS NOT ENTITLED TO INDEMNITY OR A DEFENSE.

There is no genuine issue of material fact that Shivah is not entitled to indemnity or a defense, and, therefore, Owners is entitled to summary judgment on its claim that the applicable policies of insurance either do not provide coverage for or exclude coverage for the Underlying Action as to Shivah, and, therefore, Owners does not owe any defense or indemnity obligations. (*See generally* DE 1).

### A. AS MANOJ'S CONDUCT WAS INTENTIONAL, BODILY INJURY AND PERSONAL INJURY COVERAGE WAS NOT TRIGGERED.[5]

As an initial matter, under Coverage A., the applicable policies of insurance only apply to an "occurrence" that takes place in the "coverage territory." An "occurrence" is a defined term meaning "an accident, including continuous or repeated exposure to the same generally harmful condition." *Russ.*, 121 N.C. App. at 189, *supra*. Because the intentional conduct of Manoj, and imputed to Shivah, is not an accident, but rather intentional conduct, Shivah is not entitled to coverage for Lowrey's bodily injury claims under Coverage A.

Additionally, for the reasons set forth above, Shivah is also either not entitled to, or excluded from, coverage under Coverage B.

---

[5] Similarly, because there is no genuine issue of material fact that Manoj's conduct was alleged to be intentional, neither he, Mona, nor Shivah are entitled to coverage for these reasons, and to the extent the Court determines that any other defendant qualifies as an insured, the same rationale applies to coverage for them.

**B. BECAUSE MANOJ'S CONDUCT WAS EITHER INTENTIONAL OR EXCLUDED, SHIVAH IS NOT ENTITLED TO COVERAGE FOR MEDICAL EXPENSES.[6]**

Furthermore, as Lowrey's complaint alleges she has incurred medical expenses due to the conduct of Manoj, imputed to Shivah, coverage under Coverage C. is also arguably triggered. However, under Coverage C., medical expenses for "bodily injury" are only covered when caused by an accident. (DE 1-6, p. 123) Because Manoj's conduct, imputed to Shivah, was not an accident, but rather alleged to be intentional, no coverage exists for medical payments for "bodily injury" under Coverage C. Similarly, Coverage C. excludes expenses for "bodily injury" excluded under Coverage A., and Coverage A. excludes coverage for "bodily injury" arising out of "personal injury," such as that provided for in Coverage B. Accordingly, Shivah is not entitled to coverage for any medical payments for which Lowrey seeks damages.

**VII. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT CHOICE HOTELS INTERNATIONAL, INC. IS NOT ENTITLED TO INDEMNITY OR A DEFENSE.**

It is undisputed that Shivah, Mona, and Manoj entered into a Franchise Agreement with Choice Hotels. (DE 1, DE 13, and DE 25 at ¶ 23), that requires Shivah, Manoj, and Mona to "obtain and attach and endorsement . . . adding us . . . as additional insureds[.]" (*Id.*) The applicable policies of insurance contain the "Additional Insured – Grantor of Franchise" endorsement. (*See, e.g.*, DE 1-5. P. 14) This endorsement modifies the applicable policies of insurance by including Choice Hotels as an insured, **but only with respect to Choice Hotel's liability as a grantor of a franchise to Shivah**:

> 1. WHO IS AN INSURED (Section II) is amended to include as an insured the person(s) or organization(s) shown in the Schedule, but only with respect to their liability as grantor of a franchise to you.

---

[6] Similarly, because there is no genuine issue of material fact that Manoj's conduct was alleged to be intentional, neither he, Mona, nor Shivah are entitled to coverage for these reasons, and to the extent the Court determines that any other defendant qualifies as an insured, the same rationale applies to coverage for them.

The Underlying Action alleges that Choice Hotels is liable for each and every claim against the other defendants based upon **ratification** – *i.e.*, Choice failure to revoke the franchise, rather than upon its grant of a franchise – and negligence. (DE 1-1, ¶ 56) *See also Allied World Nat'l Assur. Co. v. Md. Cas. Co.*, 357 F. Supp. 3d 1181, 1187-1188 (S.D. Fla. 2019) (finding the term "grantor of a franchise" to be unambiguous and meaning "the licensing agreement between parties where a franchise markets products or services in a manner prescribed by the franchisor."); *see also Paternostro v. Choice Hotel Int't Servs. Corp.*, 2015 U.S. Dist. LEXIS 72483 at * 32-33 (E.D. La. 2015) (citing similar language and noting insurer's motion might have merit if a franchisee's employee "injured a hotel patron with a vehicle while the Choice employee was out to lunch"). Because Lowrey's allegations of sexual assault, sexual harassment, and battery are entirely outside the Franchise Agreement, Choice Hotels is not entitled to coverage.

Moreover, the applicable policies of insurance contains an exclusion for contractual liability. This exclusion specifically carves out "insured contracts" for coverage. However, it contains a further provision, that "if the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under an "insured contract."". (*See, e.g.,* DE 1-1, p. 107). As the applicable policies of insurance do not apply to liability of Shivah, as set forth herein, they also do not apply to the liability of Choice Hotels, with respect to Coverage A. Similarly, under Coverage B., the applicable policies of insurance contain an exclusion for contractual liability and coverage does not apply to "personal injury" for which Shivah has assumed via contract. Assuming, *arguendo*, Shivah assumed liability – to indemnify Choice Hotels – in the Franchise Agreement, the personal injury coverage in Coverage B. does not apply.

16
Case 5:20-cv-00021-D   Document 57   Filed 03/05/21   Page 16 of 20

As such, Owners is entitled to a judicial declaration that coverage as to Choice Hotels is excluded under the applicable policies of insurance, and, therefore, Owners does not owe any defense or indemnity obligations to Choice Hotels.

## VIII. CHOICE HOTELS IS ENTITLED TO SUMMARY JUDGMENT ON THE GANDHI DEFENDANTS COUNTERCLAIM.

The Gandhi Defendants filed a Counterclaim seeking "judgment in their favor that Owners Insurance Company has a duty to defend and indemnify the Gandhi Defendants in the Underlying Action." (DE 13, p. 26) For the foregoing reasons as set forth herein, Owners does not owe any defense or indemnity obligations to Shivah, Manoj, Mona, Vaibhavlaxmi, CI Hotels, or WS Hotels, and, therefore, is entitled to Summary Judgment on the Gandhi Defendants' Counterclaim.

## CONCLUSION

There is no genuine issue of material fact that Vaibhavlaxmi, CI Hotels, and WS Hotels are not entitled to defense or indemnity: they are not named insureds, are not additional insureds, and do not otherwise fall into coverage in any form.

Similarly, there is no genuine issue of material fact that Manoj's conduct was alleged to be intentional and does not trigger coverage under the policy, to the extent Mona and Shivah either acted to ratify these policies or independently and intentionally acted when terminating Lowrey, these individuals and entities are similarly not afforded coverage under the applicable policies of insurance.

Finally, as to Choice Hotels, there is no genuine issue of material fact that Manoj's intentional behavior is not contemplated by the Franchise Agreement and is not entitled to coverage, however, coverage is further excluded as to Choice Hotels based upon the applicable policies of insurance various endorsements and exclusions.

As such, Owners is entitled to summary judgment on its claims, as when the record is considered in total, there is no genuine issue of material fact that Owners does not owe any defense or indemnity obligations to the defendants.

WHEREFORE, Plaintiff Owners respectfully requests that this Honorable Court GRANT its Motion for Summary Judgment and declare:

1. that Owners has neither a duty to defend nor liability to furnish or pay defense fees or costs for all named defendants in connection with the Underlying Action, as defined in the Complaint; and

2. that Owners has no duty to indemnify all named defendants in connection with the Underlying Action, as defined in the Complaint.

This the 5th day of March, 2020.

/s/Elizabeth H. Overmann
ELIZABETH H. OVERMANN
Bar No: 31736
STEPHEN K. PYTLIK
Bar No: 50190
McAngus Goudelock & Courie, PLLC
Post Office Box 30516
Raleigh, North Carolina 27622
(919) 719-8200
elizabeth.overmann@mgclaw.com
stephen.pytlik@mgclaw.com

*Attorneys for Owners Insurance Company*

**CERTIFICATION OF COMPLIANCE WITH APPLICABLE WORD LIMIT**

Pursuant to LCvR 7.2(f), the undersigned hereby certifies that the foregoing memorandum complies with the 8,400-word limit applicable to non-discovery memoranda, which has been computed using the word count generated by the word processing software, counting the elements required by subsection LCvR 7.2(f)(1).

The number of words contained in this memorandum is: **5,177**.

This the 5th day of March, 2020.

/s/Elizabeth H. Overmann
ELIZABETH H. OVERMANN
Bar No: 31736
STEPHEN K. PYTLIK
Bar No: 50190
McAngus Goudelock & Courie, PLLC
Post Office Box 30516
Raleigh, North Carolina 27622
(919) 719-8200
elizabeth.overmann@mgclaw.com
stephen.pytlik@mgclaw.com

*Attorneys for Owners Insurance Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was served on all counsel of record by filing a copy electronically using the Case Management / Electronic Case Filing (CM/ECF) system, which shall generate a Notice of Electronic Filing addressed as follows, pursuant to F.R. Civ. P. 11(b)(2)(E) and LCvR 5.1(a)(1):

Luther D. Starling, Jr.
Daughtry, Woodard, Lawrence & Starling
405 East Market Street
Smithfield, North Carolina 27577
Email:		lewstarling@dwlslaw.com
Facsimile:	(919) 934-9536
Phone:		(919) 300-6982

*Attorney for MM Shivah LLC; MM Vaibhavlaxmi, LLC; Manoj Gandhi; Mona Gandhi; CI Hotels LLC; and WS Hotels LLC*

William H. McKenzie, IV
Norman, Wood, Kendrick & Turner
1130 22nd Street South, Suite 3000
Birmingham, Alabama 35205
Email:		whm@nwkt.com
Facsimile:	(205) 251-5479
Phone:		(205) 251-1039

*Attorney for Choice Hotels International Inc.*

Allison J. Becker
Gordon, Rees, Scully, Mansukhami, LLP
421 Fayetteville Street, Suite 330
Raleigh, North Carolina 27601
Email:		abecker@grsm.com
Facsimile:	(919) 741-5840
Phone:		(919) 787-4555

*Attorney for Choice Hotels International Inc.*

This the 5th day of March, 2021.

>						/s/Elizabeth H. Overmann
>						ELIZABETH H. OVERMANN
>						STEPHEN K. PYTLIK